JS 44 (Rev. 12/12)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| Gene Caliwag | C&S WHOLESALE GROCERS, INC. |

| (b) County of Residence of First Listed Plaintiff _____ | County of Residence of First Listed Defendant _____ |
|---|---|
| *(EXCEPT IN U.S. PLAINTIFF CASES)* | *(IN U.S. PLAINTIFF CASES ONLY)* |
| | NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED. |

| (c) Attorneys *(Firm Name, Address, and Telephone Number)* | Attorneys *(If Known)* |
|---|---|
| Roman Amaguin<br>345 Queen Street, 504<br>Honolulu, HI 96813<br>808-545-4151 | |

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☐ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 151 Medicare Act<br>☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans)<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholders' Suits<br>☐ 190 Other Contract<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | **PERSONAL INJURY**<br>☐ 310 Airplane<br>☐ 315 Airplane Product Liability<br>☐ 320 Assault, Libel & Slander<br>☐ 330 Federal Employers' Liability<br>☐ 340 Marine<br>☐ 345 Marine Product Liability<br>☐ 350 Motor Vehicle<br>☐ 355 Motor Vehicle Product Liability<br>☐ 360 Other Personal Injury<br>☐ 362 Personal Injury - Medical Malpractice | **PERSONAL INJURY**<br>☐ 365 Personal Injury - Product Liability<br>☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability<br>☐ 368 Asbestos Personal Injury Product Liability<br>**PERSONAL PROPERTY**<br>☐ 370 Other Fraud<br>☐ 371 Truth in Lending<br>☐ 380 Other Personal Property Damage<br>☐ 385 Property Damage Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881<br>☐ 690 Other<br><br>**LABOR**<br>☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Management Relations<br>☐ 740 Railway Labor Act<br>☐ 751 Family and Medical Leave Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Employee Retirement Income Security Act | ☐ 422 Appeal 28 USC 158<br>☐ 423 Withdrawal 28 USC 157<br><br>**PROPERTY RIGHTS**<br>☐ 820 Copyrights<br>☐ 830 Patent<br>☐ 840 Trademark<br><br>**SOCIAL SECURITY**<br>☐ 861 HIA (1395ff)<br>☐ 862 Black Lung (923)<br>☐ 863 DIWC/DIWW (405(g))<br>☐ 864 SSID Title XVI<br>☐ 865 RSI (405(g))<br><br>**FEDERAL TAX SUITS**<br>☐ 870 Taxes (U.S. Plaintiff or Defendant)<br>☐ 871 IRS—Third Party 26 USC 7609 | ☐ 375 False Claims Act<br>☐ 400 State Reapportionment<br>☐ 410 Antitrust<br>☐ 430 Banks and Banking<br>☐ 450 Commerce<br>☐ 460 Deportation<br>☐ 470 Racketeer Influenced and Corrupt Organizations<br>☐ 480 Consumer Credit<br>☐ 490 Cable/Sat TV<br>☐ 850 Securities/Commodities/ Exchange<br>☐ 890 Other Statutory Actions<br>☐ 891 Agricultural Acts<br>☐ 893 Environmental Matters<br>☐ 895 Freedom of Information Act<br>☐ 896 Arbitration<br>☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision<br>☐ 950 Constitutionality of State Statutes |
| **REAL PROPERTY**<br>☐ 210 Land Condemnation<br>☐ 220 Foreclosure<br>☐ 230 Rent Lease & Ejectment<br>☐ 240 Torts to Land<br>☐ 245 Tort Product Liability<br>☐ 290 All Other Real Property | **CIVIL RIGHTS**<br>☐ 440 Other Civil Rights<br>☐ 441 Voting<br>☒ 442 Employment<br>☐ 443 Housing/ Accommodations<br>☐ 445 Amer. w/Disabilities - Employment<br>☐ 446 Amer. w/Disabilities - Other<br>☐ 448 Education | **PRISONER PETITIONS**<br>**Habeas Corpus:**<br>☐ 463 Alien Detainee<br>☐ 510 Motions to Vacate Sentence<br>☐ 530 General<br>☐ 535 Death Penalty<br>**Other:**<br>☐ 540 Mandamus & Other<br>☐ 550 Civil Rights<br>☐ 555 Prison Condition<br>☐ 560 Civil Detainee - Conditions of Confinement | **IMMIGRATION**<br>☐ 462 Naturalization Application<br>☐ 465 Other Immigration Actions | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☒ 1 Original Proceeding  ☐ 2 Removed from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from Another District *(specify)*  ☐ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 USC SECTION 2000e, et seq.

Brief description of cause: Employment

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $ _____

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*
JUDGE _____  DOCKET NUMBER _____

| DATE | SIGNATURE OF ATTORNEY OF RECORD |
|---|---|
| 08/27/2021 | /s/ |

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

Of Counsel:

ROMAN AMAGUIN, ESQ. 6610-0
345 QUEEN STREET
Suite 504
Honolulu, Hawaii 96813

Telephone: (808) 545-4151
Facsimile: (888) 236-8984
Email: roman@amaguinlaw.com

Attorney for Plaintiff
GENE CALIWAG

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| GENE CALIWAG<br><br>　Plaintiff,<br><br>vs.<br><br>C&S WHOLESALE GROCERS, INC.<br><br>　Defendant. | CIV NO. _____<br><br>COMPLAINT-CIVIL RIGHTS; EMPLOYMENT DISCRIMINATION (42 U.S.C. §§ 2000e, *et seq.* and HRS Chapter 378); JURY TRIAL DEMAND; SUMMONS |

## NATURE OF THE ACTION AND JURISDICTION

This is an action under 42 U.S.C. § 2000 *et seq.*, Title VII of

the Civil Rights Act of 1964, and HRS Chapter 378, to correct unlawful employment practices, and to seek relief on behalf of GENE CALIWAG ("Plaintiff"), who was terminated due to his age (61) and national origin, under 42 U.S.C. § 2000e-2(a)(1) and HRS Chapter 378, together which prohibit discrimination on the basis of national origin and age.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1332, 1337, and 1343. Pursuant to 28 U.S.C. § 1332(a), "the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs." 28 U.S.C. § 1332(a).

2. This action is authorized and instituted pursuant to §§ 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 §§ 2000e-5(f)(1) and (3), and pursuant to § 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

3. The request for declaratory and injunctive relief is authorized by 28 U.S.C. §§ 2201 and 2202.

4. State law claims are authorized and instituted under 28 U.S.C. § 1367(a).

5. Pursuant to 28 U.S.C. § 1391, the employment practices

alleged to be unlawful were committed within the jurisdiction of the United States District Court for the District of Hawaii.

## PARTIES

6. Plaintiff is and was a citizen of the Honolulu, Hawaii.

7. At all relevant times, Defendant (or "C&S") was and continues to be a corporation formed under the laws of the State of New Hampshire with at least 270 employees.

8. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce within the meaning of HRS § 378-1 and 42 U.S.C. §§ 2000e (g) and (h).

9. At all relevant times, Defendant has been a covered entity under HRS Chapter 378 and 42 U.S.C. § 2000e (b).

10. All of the acts and failures to act alleged herein were duly performed by and attributable to Defendant.

## CONDITIONS PRECEDENT

11. Pursuant to Title VII and HRS Chapter 378, Plaintiff filed a Charge of Discrimination with the appropriate agency and obtained a right to sue letter prior to filing this lawsuit.

12. All conditions precedent to filing a lawsuit have been satisfied.

## **STATEMENT OF CLAIMS**

13. Plaintiff was hired in August 2018 by Defendant.

14. Plaintiff worked for Defendant as the General Manager ("GM") for Defendant's Hawaii Logistics division. He was terminated on or around May 7, 2020, at the age of 61.

15. Prior to the occurrence of the events described herein, as an employee, Plaintiff never had disciplinary problems and his performance evaluations were satisfactory.

16. Plaintiff was supervised by a person named John Grimaldi.

17. As the GM for Hawaii Logistics Plaintiff had the best "CSAT" score in the company. He graded well in most if not all objective categories on his performance evaluation.

18. He was able to achieve and perform at a high level in a division, Hawaii Logistics, that was two-thirds larger than the other division in Hawaii, Hansen Distribution Group.

19. He had completed the first year of a multi-year turnaround plan, and scored well in his evaluation despite not having day-shift and transportation managers, key positions at Hawaii Logistics.

4

20. Most importantly, he was only in the second year of a multi-year turnaround plan.

21. Defendant is comprised of two divisions, Hawaii Logistics and Hansen Distribution Group.

22. Prior to April 3, 2020, Plaintiff neither had formal disciplinary nor documented performance problems with Defendant.

23. Then, on or around April 23, 2020, Plaintiff was informed that his employment would be terminated and was given a termination date of May 7, 2020.

24. Defendant informed Plaintiff he was being let go "due to the pandemic." Plaintiff exceeded all of the operating budget goals that were set by Defendant, despite the "pandemic."

25. On the other hand, the GM of Hansen Distribution Group had failed to meet his operating budget goals.

26. Prior to Plaintiff's termination he had a 360 Degree Feedback Survey. The survey is completed by a supervisor, peers, customers, direct reports, and the employee himself/herself.

27. The areas surveyed were: Leading Teams, Strategic Planning, Building Partnerships, Business Savvy, Delegation and

Empowerment, Emotional Intelligence, Financial Acumen and High-Impact Communication.

28.  Plaintiff scored very well on the final survey results for the Hawaii Logistics division, which is significantly larger than his replacement's division at the time, the Hansen Distribution Group.

29.  Eventually, Defendant terminated Plaintiff on May 7, 2020.  At that time, Defendant told Plaintiff that he was part of a "reduction in force."

30.  Plaintiff was presented with a "General Release Agreement."  The Agreement did not describe the "decisional unit" affected by the "reduction in force" and Plaintiff was the only Hawaii Logistics employee listed as being terminated.

31.  When they met, Defendant informed Plaintiff that the GM of the Hansen Distribution Group would be promoted into Plaintiff's position.

32.  The employee Defendant promoted into Plaintiff's former position was outside of Plaintiff's protected classes, significantly younger than Plaintiff, around the age of 41, and did not meet the objective sales goals/metrics like Plaintiff.  The Hansen division was down around 40% in sales.

33. The replacement was also less objectively qualified than Plaintiff.

34. Even though Plaintiff's replacement did not meet objective goals set by the company, he was appointed to head both divisions, instead of Plaintiff.

## CAUSES OF ACTION

## FIRST CLAIM FOR RELIEF

## Violation of Title VII (National Origin)

35. Plaintiff realleges and incorporates by reference as though fully contained herein, the allegations set forth in paragraphs 1 through 34, above.

36. The above discriminatory practices by Defendant violated Plaintiff's rights as protected by Title VII, 42 U.S.C. § 2000e-2(a)(1).

37. Title VII proscribes discrimination in employment based on national origin. *See* 42 U.S.C. § 2000e-2(a).

38. Specifically, 42 U.S.C. § 2000e-2(a) states:

(a) Employer practices

It shall be an unlawful employment practice for an employer –

(1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with

7

>respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or **national origin**; or
>
>(2) to limit, segregate, or classify his employees or applicants for employment in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's race, color, religion, sex, or **national origin**.

42 U.S.C. § 2000e-2(a) (emphasis supplied).

39. Under the law Defendant is prohibited from discriminating in employment on the basis of national origin.

40. Plaintiff maintains that similarly-situated employees outside of his protected class, Filipino, were afforded job opportunities, treated better, and promoted to open positions over Plaintiff.

41. Plaintiff was qualified for the position at issue and graded out well in his performance evaluation, only to be terminated and replaced by someone lesser qualified than him.

42. As a direct and proximate result of said acts, Plaintiff suffered and continues to suffer loss of employment opportunities, loss of income, loss of other employment benefits, and suffered and continues to suffer physical and psychological pain and suffering,

distress, humiliation, great expense, embarrassment, and damage to his reputation.

43. Defendant's acts and/or omissions were willful, wanton, outrageous and oppressive and were done with callous indifference to Plaintiff's present and future ability to earn a living; and therefore, Plaintiff is also entitled to punitive damages, to the extent permitted by law, and exemplary damages from Defendant.

## SECOND CLAIM FOR RELIEF

## Violation of HRS Chapter 378, Part I (Ancestry and Age)

44. Plaintiff realleges and incorporates by reference as though fully contained herein, the allegations set forth in paragraphs 1 through 43, above.

45. HRS § 378-2(a)(1)(A) provides:

Discriminatory practices made unlawful; offenses defined. (a) It shall be an unlawful discriminatory practice:

(1) Because of race, sex including gender identity or expression, sexual orientation, **age**, religion, color, **ancestry**, disability, marital status, arrest and court record, reproductive health decision, or domestic or sexual violence victim status if the domestic or sexual violence victim provides notice to the victim's employer of such status or the employer has actual knowledge of such status:

9

> (A)  For any employer to refuse to hire or employ or to bar or discharge from employment, or otherwise to discriminate against any individual in compensation or in the terms, conditions, or privileges of employment[.]

HRS §378-2(a)(1)(A) (emphasis supplied).

46.  Under the law Defendant is prohibited from discriminating in employment on the basis of national origin and age.

47.  Plaintiff maintains that similarly-situated employees outside of his protected classes were afforded job opportunities, treated better, and promoted to open positions over Plaintiff.

48.  As a direct and proximate result of said acts, Plaintiff suffered and continues to suffer loss of employment opportunities, loss of income, loss of other employment benefits, and suffered and continues to suffer physical and psychological pain and suffering, distress, humiliation, great expense, embarrassment, and damage to his reputation.

49.  Defendant's acts and/or omissions were willful, wanton, outrageous and oppressive and were done with callous indifference to Plaintiff's present and future ability to earn a living; and therefore, Plaintiff is also entitled to punitive damages, to the extent

permitted by law, and exemplary damages from Defendant.

## PRAYER FOR RELIEF

50. Plaintiff is entitled to damages from Defendant.

51. Defendant's acts and/or omissions were willful, wanton, outrageous and oppressive and were done with callous indifference to Plaintiff's present and future ability to earn a living; and therefore, Plaintiff is also entitled to punitive damages, to the extent permitted by law, and exemplary damages from Defendant.

52. Plaintiff prays that the Court issue a declaratory judgment stating that Defendant violated Title VII and HRS Chapter 378.

53. Plaintiff prays that the Court enjoin Defendant from continuing to subject Plaintiff to the illegal conduct set forth in this Complaint.

Wherefore, Plaintiff prays this Court grant judgment in his favor over and against Defendant and award damages to Plaintiff, including special damages, back pay and future loss of earnings, compensatory damages, attorneys' fees, prejudgment interest, and to the extent permitted by law punitive damages in an amount deemed sufficient to punish Defendant for its actions; costs of this

action; and such other and further relief as this Court may deem just and proper.

DATED: Honolulu, Hawai`i, August 27, 2021.

/s/ Roman Amaguin
_____
ROMAN F. AMAGUIN
Attorney for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| GENE CALIWAG | ) CIV NO. _____ |
| Plaintiff, | ) |
| vs. | ) JURY TRIAL DEMAND |
| C&S WHOLESALE GROCERS, INC. | ) |
| Defendant. | ) |

## **JURY TRIAL DEMAND**

Plaintiff, by and through his undersigned counsel, hereby demands a trial by jury as to all issues so triable herein.

DATED: Honolulu, Hawaii, August 27, 2021

_____
ROMAN F. AMAGUIN
Attorney for Plaintiff

HID 440 (Rev. 12/09) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
for the

District of Hawaii

| | |
|---|---|
| GENE CALIWAG<br><br>*Plaintiff*<br><br>v.<br>C&S WHOLESALE GROCERS, INC.<br><br>*Defendant* | Civil Action No. |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)* C&S WHOLESALE GROCERS, INC.
91-315 Honua Street
Kapolei, Hawaii 96707

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

c/o Roman Amaguin, Esq.
345 Queen Street, Suite 504
Honolulu, Hawaii 96813

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____    _____
*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 12/09) Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

☐ I personally served the summons on the individual at *(place)* _____
_____ on *(date)* _____ ; or

☐ I left the summons at the individual's residence or usual place of abode with *(name)* _____
_____, a person of suitable age and discretion who resides there,
on *(date)* _____, and mailed a copy to the individual's last known address; or

☐ I served the summons on *(name of individual)* _____ , who is
designated by law to accept service of process on behalf of *(name of organization)* _____
_____ on *(date)* _____ ; or

☐ I returned the summons unexecuted because _____ ; or

☐ Other *(specify):*



My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc: